

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alvin R. Pape
County Attorney
Guadalupe County
Seguin, Texas

Dear Sir:

Opinion No. 0-5369
Re: Lack of authority of
Guadalupe County to pur-
chase and operate elec-
trical generating plant.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"STATEMENT

"There is situated in Guadalupe County, Texas, a certain Guadalupe River dam and electrical power generating system, a part of a number of others located at various parts of said river and used for like purposes, not all of these units however belonging to the same owners.

"If possible legally, Guadalupe County, Texas, by and through its Commissioner's Court, desires to purchase this certain power generating unit and dam through the issuance of Revenue Bonds only, thereby not adding to the tax burden of the Coun-ty and expecting said Revenue Bonds to pay out this unit within a period of about fourteen years, be-side paying for all operating expense.

"The question arises 'May the County legally acquire such a plant for the purpose of generating electrical power, and distribute such power to the Citizenship of this County, who need it, for a fee, the receipts of which shall be credited toward de-fraying the expense of operation and incidentals,

Honorable Alvin E. Pape, page 2

and the remainder credited toward the final payment of Revenue Bonds issued for that purpose.

"Such question is again related below, together with such others as arise therefrom:

"QUESTION

"1. How may A County of this State, not a 'Home-Rule' County, legally acquire a river site and existing dam, together with an electrical power generating system complete?

"2. How may such County operate such a complete electrical generating unit for the benefit of its inhabitants who may need the output, or a portion thereof, of such electrical energy generated?

"3. In the event said county may legally acquire and operate such a generating unit, must such plant be operated by the Commissioner's Court or by trustees appointed for that purpose?

"4. That the tax burden and present indebtedness is not increased, may such acquisition be made by the issue of Revenue Bonds acceptible to the sellers of said plant?

"AUTHORITY

"The undersigned finds no specific authority in the present Statutes of this State authorizing this County to purchase, own, pay for, and operate an electrical power generating plant for the benefit of the inhabitants of the County, regardless of the manner of payment therefor."

It is a well settled principle of law in this State that commissioners' courts are courts of limited jurisdiction and have only such powers as are conferred upon them by the Constitution and statutes of this State. See the following authorities:

Honorable Alvin E. Pape, page 3

Sun Vapor Electric Co. v. Keenan, 30 S. W. 868.

Hill County v. Bayout & Huffman, 264 S. W. 520.

El Paso County v. Elam, 106 S. W. (2d) 393.

Howard v. Henderson County, 116 S. W. (2d) 479.

McClintock & Robertson v. Cottle County, 127 S. W. (2d) 319.

We have been unable to find any authority for Guadalupe County to purchase, acquire or operate the electrical power generating plant described in your letter.

In answer to your first question, it is our opinion that Guadalupe County is not legally authorized to purchase or acquire the electrical generating system described in your letter.

Having answered thusly no answer is needed to questions 2, 3 and 4.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:db

APPROVED JUN 12, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN